Aroch v 391 Broadway LLC

2026 NY Slip Op 03058

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Guy Aroch, Plaintiff-Respondent,

v

391 Broadway LLC, et al., Defendants-Respondents. Ilan Tavor, Proposed Intervenor-Appellant.

Decided and Entered: May 14, 2026

Index No. 158856/17|Appeal No. 6649|Case No. 2025-05359|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Warren S. Dank, P.C., Syosset (Warren S. Dank of counsel), for appellant.

Rivkin Radler LLP, New York (Aaron E. Zerykier of counsel), for 391 Broadway LLC, Itzhaki Acquisitions, LLC, Itzhaki Properties (NY), Inc and Marin Management Corp., respondents.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered September 5, 2025, which denied proposed intervenor Ilan Tavor's motion to intervene pursuant to CPLR 1012(a)(3) and 1013, unanimously affirmed, with costs.

The court properly found that Tavor prejudicially delayed in bringing the motion to intervene, given that this proceeding has already been settled and plaintiff is awaiting payment of the settlement (see e.g. Papageorgiou v Consolidated Edison Co. of N.Y., Inc., 222 AD3d 563, 563-564 [1st Dept 2023]; Phoenix Capital Fin. Ltd. v Axia Realty, LLC, 184 AD3d 539, 540 [1st Dept 2020], lv dismissed 35 NY3d 1074 [2020]).

Regardless, the court properly exercised its discretion in denying the motion, as Tavor did not demonstrate a real and substantial interest in the outcome of the underlying proceeding (see Sieger v Sieger, 297 AD2d 33, 36 [2d Dept 2002], lv dismissed 99 NY2d 651 [2003]). Tavor seeks to intervene based on concerns about his ability to collect on an unrelated money judgment owed to him by a former managing member of defendant 391 Broadway LLC. Tavor argues that his ability to collect will be adversely affected by defendants' potential distribution of company funds to another entity that is not a party to these proceeding based on what he alleges is a sham confession of judgment. Those concerns, however, should be addressed in a separate proceeding, not by intervening here where he fails to show that the payment of the settlement will affect his separate claim (see Solicitor for Affairs of His Majesty's Treasury v Bankers Trust Co. of N.Y., 304 NY 296, 301 [1952]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026